UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GREGORY HUGHES,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Case No. 1:11-CV-1028
(Criminal Case No. 1:05-CR-020-6)

HON. GORDON J. QUIST

## **OPINION**

Gregory Hughes has filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody.  The Government has filed a response. After reviewing the motion, brief, supporting documents, and the government's response, the Court concludes that Hughes is not entitled to relief.

### I. Procedural History

On December 19, 2005, Hughes pled guilty, pursuant to a plea agreement, to one count of conspiracy to distribute and possess with the intent to distribute ecstasy (MDMA) in violation of 21 U.S.C. § 846, 841(a)(1) and (b)(1)(C).  On March 28, 2006, this Court sentenced Hughes to 144 months imprisonment and three years supervised release.  The Court concluded that Hughes was a career offender under the United States Sentencing Guidelines (U.S.S.G.) § 4B1.1(a), as a result of a crime which occurred in the State of Illinois.  Hughes did not appeal his conviction or sentence.

On September 26, 2011, Hughes filed the instant motion under § 2255.  In his § 2255 motion, Hughes seeks to be resentenced as a result of "newly intervening scientific developments"

demonstrating that the Sentencing Commission's assessment of the dangers posed by MDMA "was flawed." Hughes cites *United States v. McCarthy*, 09-CR-1136, 2011 U.S. Dist. LEXIS 54930 (S.D.N.Y. May 19, 2011), wherein the judge varied downward from the advisory guideline range for MDMA-to-marijuana ratio from 500:1 to 200:1. *Id.* at 1-2. The court in *McCarthy* analyzed three items of new evidence: (1) a medical journal report (S.J. Kisch et al, DECREASED CEREBRAL CORTICAL SEROTONIN TRANSPORTER BINDING IN ECSTASY USERS: A POSITRON EMISSION TOMOGRAPHY/[11C]DASB AND STRUCTURAL BRAIN IMAGING STUDY, 133 Brain 1779 (2010) (contradicting the science previously available to the Sentencing Commission that concluded MDMA affects broad areas of the brain) ("Kisch Study"), (2) expert testimony stating the Commission incorrectly described MDMA as both a stimulant and hallucinogen, and (3) the *McCarthy* court made its decision based on data of emergency room visits due to intoxication from various types of illicit drugs. DRUG ABUSE WARNING NETWORK 2007, NATIONAL ESTIMATES OF DRUG RELATED EMERGENCY DEPARTMENT VISITS (DAWN) (2010) (finding that cocaine abuse was responsible for 29.4% of drug or alcohol related emergency room visits in 2007, while MDMA was responsible for 0.7%). The court stated the Kisch Study was "equivocal," and the expert testimony was "largely irrelevant" to the determinative question of the actual danger posed by MDMA. Hughes does not challenge his guilty plea, rather he argues this Court should use the 200:1 MDMA-to-marijuana standard, based on the decision in *McCarthy* and the new scientific developments, and grant him a reduced sentence that better serves the objectives of sentencing.

## II. HUGHES' MOTION IS NOT TIMELY

Pursuant to 28 U.S.C. § 2255(f), motions under § 2255 are subject to a one-year statute of limitations commencing from the latest of various times set forth in § 2255(f)(1)-(4). Hughes asserts that his motion is timely based upon subsection (f)(4), which states the one-year period of

limitations shall run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." The new "scientific evidence" Hughes cites appears in a medical journal article on the pharmacology of MDMA published on May 17, 2010. Hughes filed a motion over a year later, on September 26, 2011. While a petition need not be filed within a year of the information's publishing to meet the due diligence standard, the U.S. Department of Health and Human Services ("HHS") has published similar data showing the relatively fewer hospital visits from MDMA intoxication versus cocaine intoxication yearly since 2002, and the research in these reports dates back to as early as 1995. *See*, *e.g.*, DRUG ABUSE WARNING NETWORK, 2003: NATIONAL ESTIMATES OF DRUG RELATED EMERGENCY DEPARTMENT VISITS (DAWN) (2004) (In 2003, MDMA was responsible for an estimated 2,221 emergency room visits, while cocaine was involved in an estimated 125,921) ("DAWN"). As a result of similar scientific data from the HHS having existed approximately eight years before the 2010 publication, and even four years before Hughes' March 28, 2006, sentencing date, Hughes could have discovered the information through the exercise of due diligence many years before the September 26, 2011, filing date.

Hughes, therefore, has not shown the requisite due diligence for raising a claim based on the new "scientific evidence."

### III. HUGHES IS NOT ENTITLED TO RELIEF

Even if this Court were to find that Hughes has shown the required due diligence, the "newly discovered scientific evidence" does not entitle him to relief. To succeed under § 2255 Hughes must allege (1) his new evidence rises to the level of an error of constitutional magnitude, (2) his sentence was imposed outside the statutory limits, or (3) an error of fact or law which occurred was so fundamental as to render the entire proceedings invalid. *Mallett v. United States*, 334 F.3d 491, 496-

97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003); *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). When the claimed error is a constitutional error, § 2255 affords relief only when the error has a "substantial and injurious effect or influence" on the proceedings. *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005).

A sentencing judge who disagrees with the policy or harshness of the Guidelines' advisory conversions may deviate from them without necessarily abusing his or her discretion, but by no means does it follow that it is an abuse of discretion for a judge to adhere to the equivalency table. *United States v. Kamper*, 11-CR-3-001, 2012 U.S. Dist. LEXIS 65070 (E.D. Tenn. May 8, 2012). The fact that an *argument* for the exercise of this Court's discretion may be stronger today than it was at the time of Hughes' sentencing does not raise this issue to one of a constitutional magnitude or render the entire proceedings invalid, and Hughes' sentence was within the statutory limits. Hughes has failed to show that he is entitled to a different sentence.

### IV. NO CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the court must also determine whether a certificate of appealability should be granted. A certificate should be issued if Hughes has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has considered Hughes' claim under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  The Court finds that reasonable jurists could not find this Court's dismissal of Hughes' claim was debatable or wrong.  Therefore, the Court will deny Hughes' certificate of appealability.

## V. Conclusion

For these reasons, Hughes' § 2255 Motion will be dismissed.  In addition, the Court will deny Hughes a certificate of appealability because he has failed to make a "substantial showing of a denial of a constitutional right."

A separate judgment will issue.


Dated:  June 1, 2012                              /s/ Gordon J. Quist
                                            GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE